# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANN ODEM HILLMAN | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:08CV266 LG-RHW |
| | § | |
| CAMILO K. SALAS, III | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [38] filed by the Defendant, Camilo K. Salas, III. The Plaintiff, Hillman, filed a response in which she concedes that judgment as a matter of law against her is proper, and Salas replied. After due consideration of the submissions, the Court finds that there is no question of material fact for the jury. The Motion will be granted and Hillman's claims dismissed.

## DISCUSSION

This legal malpractice action was removed from the Circuit Court of Harrison County, Mississippi. Hillman complains that the attorney she hired to pursue personal injury claims following an auto accident in 1996 did not timely file the claims. She hired another attorney, Salas, to file malpractice claims against the first attorney. The suit filed by Salas in 2002 was eventually dismissed for failure to prosecute and/or comply with the court's rules and orders. Hillman then hired a third attorney to file this lawsuit against Salas. In the course of discovery, Salas found that Hillman had filed a bankruptcy petition on August 5, 2003 under Chapter 7 of the Bankruptcy Code. Hillman's bankruptcy petition did not disclose the existence of her legal malpractice claims. Salas asks for summary judgment on the basis of judicial estoppel, because Hillman failed to disclose this asset in her bankruptcy petition.

Debtors are required to disclose all potential claims in a bankruptcy petition. *See* 11

U.S.C. § 521(I). Debtors must amend their schedules if circumstances change. *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999). When a debtor fails to disclose a pending or potential claim in her bankruptcy petition, she is judicially estopped from bringing that claim later. *Id*. at 210. There are three requirements for application of this doctrine: 1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; 2) the court must have accepted the previous position; and 3) the non-disclosure must not have been inadvertent. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (citations omitted).

Hillman's response to the summary judgment motion is that 1) she does not contest the facts stated by Salas; 2) she admits she did not disclose the existence of her then-pending legal malpractice action when she filed her bankruptcy petition in 2003; and 3) she agrees that under Fifth Circuit precedent, she lacks standing to pursue this legal malpractice action because it is the property of her bankruptcy estate. Pl. Resp. 1.

The Court therefore concludes that Salas has shown there is no question of material fact regarding the applicability of judicial estoppel in this case, and he is entitled to judgment as a matter of law. Plaintiff's claims are barred by judicial estoppel and shall be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [38] filed by the Defendant, Camilo K. Salas, III, is **GRANTED**. Plaintiff's claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE